IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case Number CR-08-237-C |
| | ) | CIV-11-589-C |
| GEORGE EDWARD BOYD, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Mr. Boyd was sentenced in this Court on July 15, 2009, after a jury verdict of guilty on seven counts of signing false tax returns and seven counts of using those tax returns to make false claims. On appeal, the sentence and judgment was affirmed by the Tenth Circuit. United States v. Boyd, 378 F.App'x 841 (10th Cir. May 19, 2010). Mr. Boyd has timely filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The government has responded and Defendant has filed a reply brief.

Grounds One through Four and Six were not raised on appeal and are therefore waived unless Defendant can show cause and actual prejudice resulting from the errors of which he complains. United States v. Frady, 456 U.S. 152, 166 (1982). Even if these grounds are not deemed waived, they continue to raise the same muddled logic that Mr. Boyd has expressed throughout these and underlying tax proceedings. If none of the legal process this Defendant has borne over the last 12 years has persuaded him that his interpretation of the Internal Revenue Code is wrong, this Court sees no purpose to be served in explaining further. Suffice to say, Defendant, like all American citizens, is required to pay tax on his

income and to report truthfully. No amount of invoking the Constitution, lambasting the system and all who toil in it, or contrary wrongheadedness will gain him relief.

Ground Five of the Motion asserts ineffective assistance of counsel, which is properly raised in this proceeding. Defendant's complaints about his counsel's performance begin with counsel's failure to be prepared and continue through criticism of the jury, counsel's failure to cite Supreme Court precedent, failure to develop a theory of defense, and failure to get an acquittal. To prevail on this claim,

> [A] defendant has the twofold burden of establishing that (1) defense counsel's performance was deficient, i.e., counsel's "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms," and (2) defendant was prejudiced thereby, i.e., "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

United States v. Rushin, ___ F.3d ___, 2011 WL 2547563, *1 (10th Cir., June 28, 2011) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

None of the omissions or errors asserted by Defendant amount to violations of prevailing professional norms, and more importantly, Defendant has not shown a reasonable probability that but for the alleged errors, the outcome would have been different.

There is nothing raised by Defendant in his Motion that entitles him to the relief he seeks. The Motion (Dkt. No. 103) is DENIED.

IT IS SO ORDERED this 12th day of July, 2011.

*(signature)*
ROBIN J. CAUTHRON
United States District Judge